IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TODD ALAN DUELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU, DOES 1-7, *ET AL.*,<br><br>Defendants. | Case No. 26-cv-00132-DKW-RT<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

On December 8, 2025, in an almost entirely nonsensical screed, Plaintiff Todd Duell, proceeding without counsel, initiated this action with the filing of a Complaint against the City and County of Honolulu (City), seven unidentified "Doe" defendants, Mayor Rick Blangiardi, Comptroller Keith Ragan, and County Counsel Page Ogata (the City, Blangiardi, Ragan, and Ogata, collectively, the "Named Defendants"). Dkt. No. 1. The 48-page Complaint discusses unclear accounting, trust, securities, financing, and tax practices in which Duell appears to believe the Named Defendants engage. Along the way, Duell throws in a multitude of "Question[s] to this Court", such as "Why are the certified accounting records, contract, and securities, concealed to defraud the alleged Defendant", and demands in excess of $400 million in damages. *Id.* at 21, 42. Although it is

equally unclear how the event relates to the foregoing, Duell also alleges that, in November 2025, the DOE defendants, who are allegedly unknown officers of the Honolulu Police Department, entered Duell's home without a warrant and arrested him.

Since filing the Complaint nearly a year ago, Duell has served but one of the Defendants—the City. On July 20, 2026, the City moved to dismiss the Complaint on two grounds. Dkt. No. 14. First, the City argued that Duell's claims were barred by claim preclusion or res judicata. Second, the City argued that the Complaint failed to state a claim for relief. After the Court elected to decide the motion to dismiss without a hearing, Dkt. No. 15, pursuant to Local Rule 7.2, any response from Duell was due within 14 days, *i.e.*, on or before August 3, 2026. More than three months later, Duell has not responded to the motion to dismiss.[1]

In light of the non-opposition to the motion to dismiss and the basic flaws with the Complaint, for the reasons set forth below, the Court GRANTS the motion because Duell has failed to come close to stating a coherent, let alone plausible, claim against the City.

---

[1]The City chose not to file an optional reply. In September 2026, the Court directed supplemental briefing from the City on the issue of claim preclusion. Dkt. No. 17. On October 2, 2026, the City timely filed a supplemental brief. Dkt. No. 20.

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

There is nothing simple, concise, or direct about the Complaint. Instead, it is a meandering, incoherent, and disjointed morass of nonsensical ramblings. Moreover, none of those ramblings appear to have any logical connection to the Named Defendants, including the allegations concerning the incident at Duell's home in November 2025. These flaws permeate the Complaint.

As a result, should he choose to do so, Duell must restart by filing an amended complaint that complies with the basic requirements of pleading in Federal court.[2] As just mentioned, those requirements seek simple and concise

[2]It is, thus, unnecessary at this juncture to address the City's argument that res judicata bars Duell's purported claims. In addition, although the City seeks dismissal with*out* leave to

allegations, leading to short and plain statements of plausible claims. More specifically, for each individual claim, Duell must write short, plain statements describing: (1) the constitutional or statutory right he believes was violated; (2) the name(s) of the defendant or defendants against whom the claim is asserted; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of the legal right; and (5) what specific injury he suffered because of the defendant's or defendants' conduct. **Duell must repeat this process for each right and each person or entity named as a defendant.** If Duell fails to affirmatively link the conduct of each defendant with the specific injury suffered, the pertinent claim will be dismissed for failure to state a claim. In addition, Duell may not incorporate by reference any part of the Complaint or any other matter in an amended complaint. An amended complaint must be complete in and of itself.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 14, is GRANTED with LEAVE TO AMEND. Duell may have until **November 20, 2026** to file an amended complaint consistent with the terms of this Order. **The**

---

amend, Dkt. No. 14-1 at 17, in light of the nebulous nature of the Complaint, and the Ninth Circuit's instructions in this context with respect to a pro se litigant, such as Duell, the Court finds leave to amend to be appropriate. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**Court cautions Duell that failure to file an amended complaint by November 20, 2026 will result in the dismissal of this case with prejudice for the reasons set forth herein.**

IT IS SO ORDERED.

Dated: November 6, 2026 at Honolulu, Hawai‘i.

Derrick K. Watson
Chief United States District Judge